Dear Mr. Kendrick:
On behalf of the Town Council of Haynesville, you have requested an opinion of this office regarding whether the Town can grant public funds to Cope, Inc., a non-profit corporation ("Cope"), which you advise provides an educational program, job training and job creation for low income citizens and those on public assistance. Specifically, you ask whether the grant can be made under La. Const. Art. VII, Sec. 14 or under any other provision of the constitution.
As you are obviously aware, La. Const. Art. VII, Sec. 14(A) prohibits political subdivisions, such as the Town of Haynesville, from loaning, pledging or donating public funds, credit, property, or things of value to or for any person, firm, or corporation, public or private. This constitutional provision has been interpreted by the Louisiana Supreme Court in Cityof Port Allen v. Louisiana Municipal Risk Agency,439 So.2d 399 (La. 1983), which held that the Constitution is violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so.
However, La. Const. Art. VII, Sec. 14(B) provides certain exceptions to the prohibition contained in Sec. 14(A) and states, in pertinent part:
 "Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy "
It is our opinion that an appropriation of funds by the town to an entity such as the one you describe is constitutionally permissible, as long as the public funds are only utilized to provide relief to those who can be classified as "needy", and as long as those assisted are screened, pursuant to objective criteria, to insure that they are truly needy. See: Ops. Atty. Gen. Nos. 94-157, 92-542. If the Town Council does decide to appropriate funds to provide a grant to Cope on behalf of the needy, we strongly suggest that the Town and Cope enter into a written cooperative endeavor agreement in order to address the use of the funds in a constitutional and legal manner. Enclosed herewith is a copy of Op. Atty. Gen. No. 93-787, which discusses cooperative endeavor agreements in some detail.
We trust the foregoing to be of assistance to you and the Haynesville Town Council. If this office can be of assistance in other areas of the law, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv Enclosure
DATE RECEIVED: 11/18/98
DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL
State of Louisiana RICHARD IEYOUB DEPARTMENT OF JUSTICE ATTORNEY GENERAL BATON ROUGE 70804-9005
 January 7, 1994 OPINION NUMBER 93-787
 OPINION NUMBER 93-787
 90-A-2 PUBLIC FUNDS — Loans, Pledge or Grants La. Const. Art VII, Sec. 14
Mr. Michael D. Hebert Assistant City Attorney General discussion of cooperative endeavor
600 Jefferson Street, Box 52 and the factors which must be present for
Suite 504 City of Lafayette's contracts with "external
Lafayette, Louisiana 70501 agencies" to be constitutionally sanctioned.